ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUL 0 5 2005
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

TRAVIS THURSTON PARKER          :
    Petitioner                  :
                                :
                                :   Criminal Number 1-CR-01-248-01
                                :
vs.                             :   J. Caldwell
                                :
UNITED STATES OF AMERICA        :
    Respondent                  :

## MEMORANDUM OF LAW PUSUANT TO TITLE 28 U.S.C. §2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

Now Comes, the Petitioner, Travis Thurston Parker, Pro Se, who stands as an indigent and Pro Se litigant in this matter at bar, respectfully requesting the indulgence of this Honorable Court pursuant to Title 28 U.S.C. §2255, To Vacate, Set Aside, and/or Correct Sentence.

In support of this Motion Petitioner offers the following:

## I. TABLE OF CONTENTS

I. TABLE OF CONTENTS..................................................

II. TABLE OF AUTHORITIES..............................................

III. STATEMENT OF SUBJECT MATTER JURISDICTION.........................

IV. STATEMENT OF ISSUE................................................

V. STATEMENT OF THE CASE/STATEMENT OF FACTS..........................

VI. ARGUMENT..........................................................

VII. CONCLUSION.......................................................

CERTIFICATE OF SERVICE

II. TABLE OF AUTHORITIES

**CASES:**

MASON V. HANKS, 97 F.3D 887 (7TH CIR. 1996)

STRICKLAND V. WASHINGTON, 80 L.ED.2D 674 (1984)

CRAWFORD V. WASHINGTON, 158 L.ED2D 177 (2004)

MINNESOTA V. DICKERSON, 124 L.ED.2D 334 (1993)

U.S. V. DAWSON, 857 F.2D 923 (3RD CIR. 1988)

### III. STATEMENT OF SUBJECT MATTER JURISDICTION

THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1291

## IV. STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

1. WHETHER COUNSEL'S FAILURE TO RAISE TRIAL ISSUE ON DIRECT APPEAL WAS IN VIOLATION OF PETITIONER'S SIXTH AMENDMENT RIGHT AFORDDING EFFECTIVE ASSISTANCE OF COUNSEL

## V. STATEMENT OF THE CASE/STATEMENT OF FACTS

On August 1, 2001, the United States filed an Indictment against Travis Parker charging him with Conspiracy to Distribute A Controlled Substance and acting as both a principal and aider and abetter to sell, distribute or dispense a controlled substance. On October 20, 2001, Travis Parker appeared for arraignment and pled not guilty. On November 13, 2001, the Motion for Joinder was granted. The Honorable William W. Caldwell denied a Motion to Suppress Evidence on December 21, 2001.

On December 19, 2001, a Superceding Indictment charged that Travis Parker, Michael Parker, Daryl Parker and Thad Westry were leaders of the 212 Gang, " for the purpose of obtaining cocaine hydrochloride and cocaine base from New York and elsewhere to be distributed in York County and elsewhere." Travis Parker pled not guilty to the Superceding Indictment and on August 19, 2002, proceeded to trial. On August 22, 2002, a jury found Travis Parker guilty of Counts 1 and 2 of the Superceding Indictment. A direct appeal followed which was affirmed in part and sentence was vacated. The Petitioner was remanded and resentenced. The case is now before the District Court for review under §2255.

## VI. ARGUMENT

Sixth Admendment entitles criminal defendant to effective assistance of counsel, not only at trial, but during first appeal as of right, as unrepresented appellant is unable to protect vital liberty at stake, and appellant whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. See Mason v. Hanks, 97 F.3d 887 (7th Cir. 1996)

Defendant whose lawyer does not provide him with effective assistance of counsel on direct appeal and who is prejudiced by the deprivation is entitled to a new appeal. See Mason v. Hanks, supra.

In general, performance of appellate counsel is assessed using same standards of effectiveness applied to trial counsel under Strickland. See Mason v. Hanks, supra. (See also, Strickland v. Washington, 80 L.Ed.2d 674 (1984). Benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined proper functioning of adversary process that trial or appeal could not be relied on as having produced a just result. See Mason . Hanks, supra.

To be constitutionally ineffective, counsel's performance must fall below objective standard of reasonableness, that is, beyond realm of reasonable professional judgement within context of case at time that counsel acted, unless act or omission amounts to ineffectiveness per se, and ineffectiveness must have prejudiced defendant, rendering proceeding fundamentally unfair and its result unreliable. See Mason v. Hanks, supra.

<u>Although</u> a principal function of appellate counsel is winnowing potential claims so that the court may focus on those with best prospects, claim of ineffective assistance of appellate counsel may not be dismissed solely on basis of impropriety of reviewing appellate counsel's choice of issues; however, reviewing court will not second-guess genuinely strategic decisions that were arguably appropriate at the time, but appeal less than brilliant with benefit of hindsight. <u>See</u> <u>Mason v. Hanks, supra.</u>

Appellant counsel's omission, without legitimate strategic purpose, of significant and obvious issue will be deemed deficient, and when omitted issue may have resulted in reversal of conviction or order for a new trial, lack of effective assistance will be deemed prejudicial. <u>See</u> <u>Mason v. Hanks, supra.</u>

When claim of ineffective assistance of counsel is based on failure to raise viable issues on appeal, reviewing court must examine trial court record to determine whether appellate counsel failed to present significant and obvious issues, comparing significant issues which could have been raised to those which were raised, and only when ignored issues are clearly stronger than those presented will presumption of effective assistance of counsel generally be overcome. <u>See</u> <u>Mason v. Hanks, supra.</u>

Ultimate question in evaluating claimed ineffectiveassistance of counsel is whether, but for counsel's errors, there is reasonable probability that outcome of proceedings would have been different. <u>See Mason v. Hanks, supra.</u>

<u>INTRODUCTION</u>

The only omission that the Petitioner imputes to his Appellant counsel is his failure to raise trial issue on direct

-2-

appeal. In brief, on the day of trial, the Government adduced that Detective Earl Williams was unable to appear in Court to testify due to an injury, as a result of this, his partner Detective Jay Santana was supplanted to present his testimony from a pre-trial hearing via reading off Detective Williams' testimony...from pre-trial hearing. "Appendix pg. 101" (For your information, Petitioner was respresented by a different attorney at the time of pretrial hearing.) Moreover, the Petitioner's attorney objected to this alternative, "Appendix pg. 116" (For your information, the same counsel whom represented Petitioner at trial represented Petitioner on appeal.) Detective Santana ultimately presented testimony over the objection.

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. The Supreme Court established a two-prong test to evaluate ineffective assistance of counsel claims, (1) The Defendant must prove that counsel's performance fell below an objective standard of reasonable-ness and...(2) That counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

So in light of this precedent, the Petitioner must satisfy both prongs to overcome claim of ineffective assistance of counsel. In other words, the Petitioner must show counsel's failure to raise issue on appeal fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant.

So the ultimate question is "whether, but for counsels' errors, there is a reasonable probability that the outcome of the proceed-

ings [here, the Petitioner's direct appeal] would have been different.

Firstly, the Petitioner argues that his lawyer should have broadened the basis for his objection [not defeat the purpose.] Arguing that the improper introduction of Detective Williams' testimony implicated the Petitioner's right to cross-examine any and all witnesses under the Confrontation Clause of the Sixth Amendment. This issue was an obvious one to raise on appeal, the groundwork had clearly been laid to pursue this issue on direct appeal, considering counsel's objection to this issue at trial. Federal law also reveals that the issue was and is a significant issue, taking into account Federal law has placed strict limits on the introduction at trial of such testimony. See Crawford v. Washington, 541 U.S. 36, 124 S.Ct.. 1354, 158 L.Ed.2d 177.

Moreover, the Petitioner asserts some other avenues could have availed besides this alternative, for example, Detective Williams could have testified via satellite, postponement of trial, or severence of trial considering the Petitioner's co-defendants counsel stipulated to this alternative.

On direct appeal counsel raised two issues (1) that trial court erred in denying his motion to suppress evidence, and...(2) that evidence presented at trial was insufficient to support conspiracy conviction. So without assessing the raised arguments with the benefit of hindsight, the Petitioner claims the first of the two arguments was very feeble considering the unfavorable precedent already established by the Supreme Court on this issue. See Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124

L.Ed.2d 334 (1993), which counsel cited to argue this issue, but, was the decisive case used by the Government to justify search, hence deny motion to suppress evidence at the initial suppression hearing. The Petitioner further contends it was inevitable this issue would fail. The second of the two arguments which the Petitioner personally believes was not as frail considering the lack of evidence presented by the Government to support this charge, but, to the contrary, to say evidence was so lacking it would be impossible to support this charge would be an understatement. Furthermore, the fact that the appellate court rejected these arguments does not speak definitively to their strength of course, nor can we quantify with any exactitude the strength of the arguments relative to the issue the Petitioner's counsel neglected to raise on appeal, but one can conclude the omitted argument was stronger than both arguments counsel raised on appeal. There was favorable precedents on the point, and the circumstances of the Petitioner's case fit nicely within these precedents. There was, in other words, a very real possibility that Petitioner might have prevailed on this argument had it been raised. Furthermore, the Petitioner asserts that even if attorney only exerted a minimal effort of assistance required by law, he would have raised issue on appeal, hence, his failure to do so fell below an objective standard of reasonableness.

The Petitioner adduces for the reasons that follow he was clearly biased resulting in an advantage slanted towards the Prosecution...In short, Detective Williams' testimony was presented as half of a whole used to make out a conspiracy charge,-by the Prosecutor's own admission-. In other words, court never

-5-

instructed the jury to disregard the substance of Detective Williams' testimony and consider it only as an explanation for the course of action his partner had pursued. Again, by the Prosecutor's own admission, Detective Williams testimony was presented to make out a conspiracy charge against the Petitioenr, "See Appendix pages 477-478" (closing arguments) where the Prosecutor informed the jury that Detective Williams' and Santana's testimony collectively per se establishes that the Petitioner was involved in the conspiracy charged, and that Petitioner was a principal and aider and abettor in the substantive charge. The Prosecutor further informed the jury that this testimony, the testimony of both of the Detectives, also corroborates every other bit of evidence and testimony in the case. The Prosecutor, in addition, states in several other ocassions during closing arguments that this evidence alone establishes a conspiracy and corroborates all other evidence and testimony presented at trial. "See Appendix pages 491, 493, 496, 497, 498, 499, 500, 503, 506-507" on top of this, the Prosecutor, in a measure, vouched for the substance of this testimony stating;"and I suggest to you that the tenor of that testimony, Detective Williams' testimony, was apparent through the reading of the transcripts. "See Appendix pg. 472".

As well, for these other reasons that follow subsuming within the earlier argument, the Petitioner asserts he was additionally prejudiced...There is a strong presumption jury deemed Detective Williams' testimony to be accurate in addition, any jury could seea vast difference of live answers and "body language" from a witness during cross-examination, moreso from a blank mist of clear air and from only a voice of another person. The Petitioner

further asserts his lawyer couldn't ably perform taking into account Detective's absence. The attorney could have had questions only Detective Williams himself could answer, and there is also a likelihood Petitioner would had more issues to argue on appeal considering there would have perchance been some discrepancies in Detective Williams' testimony if he had been effectively cross-examined as a result of these claims, the Petitioner was prejudiced.

## VII. CONCLUSION

Through probative facts argued in this Memorandum the Petitioner respectfully contends that he has satisfied both prongs to overcome claimed ineffective assistance of counsel. Of course, it remains for the appellate court ultimately to decide whether Petitioner's arguments in this regard are persuasive but, when the District Court is convinced that Petitioner might well have won his appeal on an significant and obvious question of federal law that his counsel omitted to pursue, court is compelled to conclude, [as it should here] that the appeal was not fundamentally fair and that resulting affirmance of his conviction is not reliable. In other words, failure of counsel to pursue this issue on appeal when an effective advocate would do so, along with evidence of prejudice, entitles him to a second chance at direct appellate review. See Mason v. Hanks, supra, 97 F.3d 887 (7th Cir. 1996)

Furthermore, the Petitioner has shown a "colorable claim" for relief under Strickland, supra, and Petitioner is also requesting further development in the form of an Evidentiary Hearing. United States v. Dawson, 857 F.2d 923, 928, (3rd Cir 1988).

Most Respectfully Submitted,


Travis Thurston Parker
# 10864-067
FCI Schuylkill
P.O. Box 759
Minersville, PA   17954-0759


### CERTIFICATE OF SERVICE

I Travis Thurston Parker hereby certify that I have sent a true and correct copy of this 28 U.S.C. §2255 Motion, via U.S. Mail, first-class, postage pre-paid, to:

Office of the U.S. Attorney
Middle District of Pennsylvania
228 Walnut Street Suite 220
Federal Building
Harrisburg, PA   17108-1754


All matters pursuant to 28 U.S.C. § 1746.

Dated and Mailed on this 29 day of June, 2005.

_____
Travis Thurston Parker