IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
    Plaintiff
                              :

    vs.  :  CRIMINAL NO.  1:CR-01-248-01

                              :
TRAVIS THURSTON PARKER,
    Defendant  :

ORDER WITH NOTICE OF
LIMITATIONS ON FILING OF FUTURE
MOTIONS UNDER 28 U.S.C. § 2255

TO THE DEFENDANT:

The court has received a filing from you which you have titled a motion under 28 U.S.C. § 2255.  Under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the purpose of this notice is to inform you of limitations upon your right to file another motion under section 2255 in the future if your current motion is considered by the court.

The eighth paragraph of section 2255 bars second or successive 2255 motions unless there are exceptional circumstances and the defendant has obtained permission to file another 2255 motion from the appropriate court of appeals.  This means that if your current 2255 motion is considered on the merits and rejected, you no longer have the right simply to file another 2255 motion in this court raising other grounds for relief, even if you are

attempting to raise grounds that you did not think of before filing the current motion.

Instead, you would have to move in the court of appeals for a certificate allowing you to file that second 2255 motion. Further, the grounds upon which you could rely to obtain that certificate, and proceed with a second 2255 motion, are limited to two extremely rare circumstances: (1) newly discovered evidence, that is, evidence that was not available to you at the time you were convicted; or (2) a new rule of constitutional law that was previously unavailable to you and is made retroactive to cases on collateral review by the Supreme Court.

Because these grounds are so limited, in most cases they will result in the denial of approval to file a second or successive 2255 motion, thereby barring the litigation of grounds that had not been presented in the first 2255 motion.

Thus, you should carefully consider whether the current 2255 motion raises all grounds for relief from your conviction. If you think it may not, you may want to withdraw it before the court considers it.  The court will allow you to do this now without prejudice to your right, after you have given the motion more thought, to file another 2255 motion.

If you do decide to withdraw your current motion with the intent of filing a comprehensive 2255 motion in the future, you are also advised that the sixth paragraph of section 2255 sets

forth a one-year statute of limitations for filing a 2255 motion. You should look at the sixth paragraph for when this period starts to run but, generally, it begins to run from the date your conviction became final.

The date the limitations period begins to run thus depends on the particular procedural history of your case. If you did not take a direct appeal, the period would begin to run 10 days from the date you were sentenced, excluding intermediate Saturdays, Sundays and federal holidays. If you did take a direct appeal, but did not apply for certiorari from the Supreme Court, the period would begin to run 90 days after the date the court of appeals entered its judgment. If you did seek certiorari, the period would begin to run from the date the Supreme Court denied certiorari or affirmed the conviction and sentence.

You are advised that if you dismiss the instant motion in order to file an all-inclusive one later, the statute of limitations nonetheless continues to apply and might bar the filing of any such successive motion. In other words, neither the fact that you filed the current motion nor the fact that the court permitted you to withdraw it without prejudice to file an all-inclusive one would toll the running of the statute. The one-year period would still be calculated as running from the date your conviction became final.

The court will grant you thirty days to decide whether to stand on your current motion or to withdraw it so that you can file an all-inclusive 2255 motion.  However, you are advised that this thirty-day period does not extend the statute of limitations and if you withdraw your current motion in order to file one all-inclusive motion, the statute of limitations continues to apply.

Accordingly, this 14th day of July, 2005, it is ordered as follows:

> 1.  Defendant is given leave to withdraw the current 2255 motion without prejudice to filing another 2255 motion raising all grounds for relief from his conviction.
>
> 2.  Defendant is granted 30 days from the date of this order to notify the court of his decision.  If he fails to do so, the court will rule on the current 2255 motion as filed.
>
> 3.  If Defendant does decide to file an all-inclusive 2255 motion raising all grounds for relief, Defendant must file that motion within the one-year period of limitations for doing so, or it might be dismissed as time-barred.

                                              /s/William W. Caldwell  
                                              William W. Caldwell  
                                              United States District Judge