IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-01-248** |
| | : | |
| **v.** | : | **(Judge Caldwell)** |
| | : | |
| **TRAVIS THURSTON PARKER** | : | **(Electronically Filed)** |

### RESPONSE TO MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**AND NOW**, comes the government through Christy H. Fawcett, Assistant U.S. Attorney, and files the within Response to Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence:

1.  On August 1, 2001, the grand jury returned an indictment charging defendant Travis Thurston Parker ("defendant") with various drug trafficking offenses.

2.  At his arraignment, the defendant entered a plea of "not guilty" and Rex Bickley, Esquire, ("suppression counsel") entered an appearance on his behalf.

3.  On October 5, 2001, the defendant and co-defendant Daryl Parker filed a joint motion to suppress evidence which motion alleged that 247 grams of crack cocaine seized from the defendant's person by detectives from the New York Police Department on July 3, 2001, should be suppressed.

4.  On December 5, 2001, the Court held a hearing on the motion. During that hearing, New York Detectives Earl Williams and Jay Santana testified and were cross-examined extensively by the defendant's suppression counsel and counsel for Daryl Parker.

5. The Court denied the Motion to Suppress Evidence by memorandum order and opinion dated December 21, 2001.

6. On December 19, 2001, the grand jury returned a Superseding Indictment which, as it related to the defendant, was substantially similar to the original indictment.

7. On December 28, 2001, Royce Morris, Esquire ("trial counsel") entered an appearance on behalf of the defendant. A motion to withdraw filed by suppression counsel followed.

8. On August 19, 2002, the defendant and Daryl Parker proceeded to trial before the Court and a jury.

9. On August 22, 2002, the jury returned a verdict finding the defendant guilty of distribution and possession with intent to distribute drugs and criminal conspiracy to distribute and possess with intent to distribute drugs. The jury also found that the criminal conspiracy involved 50 grams or more of crack cocaine and five kilograms or more of powder cocaine. It further found that the defendant's substantive distribution charge involved 50 grams or more of crack cocaine and five kilograms of powder cocaine.

10. On May 8, 2003, the defendant was sentenced to concurrent 324-month sentences of imprisonment on each of the conspiracy count and the substantive distribution count, a five-year term of supervised release, a $4,000 fine, and a $200 special assessment.

11. On May 8, 2003, the defendant filed a Notice of Appeal. On appeal, he continued to be represented by trial counsel.

12.  On March 31, 2005, the Third Circuit Court of Appeals issued an opinion and judgment affirming the defendant's conviction but vacating the sentence and remanding for re-sentencing pursuant to *United States v. Booker,* 543 U.S. ___, 125 S. Ct. 738 (2005).

13.  On May 24, 2005, the Court sentenced the defendant to concurrent terms of 180 months' imprisonment on each of the conspiracy count and the substantive distribution count, a five-year term of supervised release, a $4,000 fine, and a $200 special assessment.  At the time of the *Booker* re-sentencing, the defendant was represented by Rex Bickley, Esquire.

14.  The defendant did not file a direct appeal from his judgment of sentence.  Rather, on July 5, 2005, he filed a *pro se* Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence and a supporting Memorandum of Law.

15.  On July 14, 2005, the Court filed an Order with Notice of Limitation on Filing of Future Motions Under 28 U.S.C. § 2255, pursuant to *United States v. Miller,* 197 F.3d 644 (3rd Cir. 1999).

16.  On August 23, 2005, the Court entered an order directing the government to file a response to the defendant's Section 2255 motion on or before September 12, 2005.

17.  The defendant's Section 2255 motion raises a single allegation of ineffective assistance of counsel.  The defendant alleges that trial counsel was ineffective for failing to pursue, on appeal, an issue that he had preserved at trial.

18.  Specifically, during the suppression hearing, New York Detective Williams testified at length, and was cross-examined at length by counsel for the defendant and co-defendant Daryl Parker, about his observations as an undercover officer that established probable cause for other officers to stop a vehicle in which the defendant was a passenger.  During the subsequent search, 247 grams of crack cocaine was seized from the defendant's person.  Detective Williams did not participate in either stopping the vehicle or searching the defendant.  Rather, he radioed his observations to other officers who conducted the probable cause stop and search.  (Hearing of 12/5/01, 5-32.)  Subsequent to the commencement of the defendant's trial, Detective Williams was injured on-the-job and hospitalized in New York.  He telephoned undersigned counsel from the hospital to say that because of his injuries and hospitalization, he would not be able to travel from New York to Harrisburg for trial. (Trial Transcript, 6-7.) Over the defendant's objection, the Court ruled that due to Detective Williams' unavailability, the transcript of his testimony at the suppression hearing would be introduced as evidence at trial. (Trial Transcript, 5.)  The defendant now claims that trial counsel was ineffective for failing to appeal this ruling.

## ARGUMENT

Claims of ineffective assistance of counsel must be analyzed under the two-part test announced in *Strickland v. Washington,* 466

U.S. 668, 687-88 (1984). Under this test, the defendant must first show that trial counsel's performance was so deficient that it fell below an objective standard of reasonableness and thus deprived the defendant of his Sixth Amendment right to counsel. Second, the defendant must show that trial counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. The defendant's failure to satisfy one prong of the *Strickland* test negates the Court's need to consider the other. *Id.* at 687. In deciding whether trial counsel's performance was ineffective, the Court must consider the totality of the circumstances. *Id.* at 690.

In the present case, the defendant cannot establish either that trial counsel's failure to pursue on appeal his objection to the admission of the transcript of Detective Williams' testimony was deficient nor can he establish that he was prejudiced by admission of this testimony.

The United States Supreme Court has long recognized that "considerations of public policy and the necessities of the case" justify dispensing with an inflexible adherence to the Sixth Amendment confrontation clause at trial in certain circumstances. *Mattox v. United States,* 156 U.S. 237, 243 (1895).

Consistent with this, Rule 804 (b) of the Federal Rules of Evidence provides as follows:

>  **(b) Hearsay exceptions**. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> > **(1) Former testimony.** Testimony given as a witness at another hearing of the same or a difference proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, . . ., had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed. R. Evid. 804 (b).

Rule 804 defines unavailability to include a declarant who

> (4) is unable to be present to testify at the hearing because of death or then existing physical or mental illness or infirmity.

Fed. R. Evid. 804 (a)(4).

Recently, the Supreme Court explained that under the Confrontation Clause

> [t]estimonial statements of witnesses absent from trial [are admissible] only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.

*Crawford v. Washington,* 541 U.S. 36, 59 (2004).[1]

---

[1] The defendant cites *Crawford v. Washington* in support of his argument that trial counsel was ineffective for failure to appeal the admission of Detective Williams' suppression hearing testimony at trial. *Crawford* did limit the circumstances under which prior Supreme Court law had permitted prior testimonial statements to be admitted. Specifically, it abrogated *Ohio v. Roberts,* 448 U.S. 56 (1980), which held that prior testimonial statements of unavailable witnesses which bore sufficient indicia of reliability were admissible regardless of the defendant's

In the present case, Detective Williams was cross examined extensively at the suppression hearing by both defendant's suppression hearing counsel and Daryl Parker's counsel. Their cross examination was replete with leading questions and challenged whether Detective Williams accurately perceived, remembered, and recorded the events leading up to the stop of the vehicle. *See* Hearing of 12/05/01, 13-28, 30-32.

At trial, both trial counsel and counsel for Daryl Parker waived reading into the trial evidence their cross examination of Detective Williams and the government's re-direct examination of the witness. (Trial Transcript, 15.) However, because thorough and extensive cross examination was conducted at the suppression hearing, this waiver does not affect the admissibility of the suppression hearing transcript. Rather, it simply indicates that Detective Williams' suppression hearing testimony was so reliable that he could not be successfully impeached by cross examination.

Thus, because Detective Williams' suppression hearing testimony met the requirements of Rule 804 (b) of the Federal Rules of Evidence and the constitutional requirements set forth in *Crawford v. Washington,* 541 U.S. 36 (2004), trial counsel's failure

---

opportunity to cross examine the witness. However, as explained in this brief, the defendant in the instant case did have the prior opportunity to cross examine the witness and did conduct extensive cross examination. Thus, admission of Detective Williams' prior testimony falls within the parameters of *Crawford v. Washington* and this case does not support the defendant's argument.

to pursue his objection to admission of the transcript of the testimony on appeal did not constitute deficient performance. For this reason alone, the defendant's Section 2255 motion should be denied without a hearing.

Moreover, even if trial counsel's failure to raise the admissibility of the transcript on appeal could be deemed to deficient performance, the defendant was not prejudiced by any such deficiency.  This is because Detective Williams' testimony related only to whether law enforcement officers had probable cause to stop the vehicle in which the defendant was a passenger.  This issue was relevant during the suppression hearing but only relevant at trial to explain other officers' subsequent course of conduct in stopping the car and searching the defendant.

Detective Williams described the defendant engaging in activity which, to a trained observer, raised suspicion that the defendant might be carrying a gun.  However, his testimony provided no evidence that the defendant was actually involved in a crime because the detective was not present for either the stop of the car or the search of the defendant.  That evidence came through the trial testimony of New York Detective Santana who both stopped the car and conducted the search of the defendant during which 247 grams of crack were recovered.

That Detective Williams' testimony was not relevant to establish an element of the crimes charged against the defendant at

trial is underscored by the fact that both his trial counsel and counsel for Daryl Parker waived reading into the trial record the cross examination of Detective Williams.

Thus, even if trial counsel's failure to pursue on appeal his objection to the admission of Detective Williams' testimony were found to be deficient, the defendant cannot establish that he was prejudiced by this failure.

Accordingly, because the defendant cannot establish either prong of the two-prong *Strickland* requirement for trial counsel to be found ineffective, his Section 2255 motion should be denied without a hearing.

## CONCLUSION

For all these reasons, the defendant's Section 2255 motion should be denied without a hearing.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

s/Christy H. Fawcett
CHRISTY H. FAWCETT
Assistant U.S. Attorney
PA35067
Christy.Fawcett@usdoj.gov

228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108
Phone: (717) 221-4482
Fax: (717) 221-4493

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:CR-01-248 |
| | : | |
| **v.** | : | (Judge Caldwell) |
| | : | |
| **TRAVIS THURSTON PARKER** | : | (Electronically Filed) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 8th day of September 2005, she served a copy of the attached

**RESPONSE TO MOTION UNDER 28 USC § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Travis Thurston Parker - No. 10864-067
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954-0759


L. Rex Bickley, Esquire
121 South Street
Harrisburg, PA 17101


                                                 s/Christina L. Garber
                                                 CHRISTINA L. GARBER
                                                 Legal Assistant