IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : CRIMINAL NO. 1:CR-01-248 |
| | : (Judge Caldwell) |
| TRAVIS THURSTON PARKER | : |

PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE
TO MOTION UNDER 28 U.S.C. §§ 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

AND NOW, Comes the Petitioner, Travis Thurston Parker, and files the within reply to Government's Response To Motion under 28 U.S.C. §§ 2255 To Vacate, Set Aside, or Correct Sentence:

FILED
HARRISBURG, PA

SEP 16 2005

MARY E. D'ANDREA, CLERK
Per_____

## ARGUMENT

The Government argues that the Petitioner's 6th Amendment Right to confront his accuser was not violated by allowing Detective Williams partner to read off his testimony from a prior proceeding, in his stead. The Government cites Mattox v. U.S., 156 U.S. 237, 242-245, 39 L.Ed 409, 411, 15 S.Ct. 337 (1895) to support its argument, which states: There is an exception to an accuseds' Constitutional Right to be confronted with the witness against him where witness is unavailable and has given testimony at previous judicial proceedings against the same accused which was subject to cross-examination by that accused. The instant case is distinguishable from Mattox, in Mattox the unavailable witness was indeed deceased, here [the instant case] the Government's witness was allegedly injured. There was no proof of his injury in addition, there was no proof of what type of injury he inflicted, Just simply an alleged phone call made on the day of trial that he was supposedly injured and could not appear in Court. The Government made no additional efforts to compel his attendance, in addition the Government's efforts clearly do not constitute "good faith effort". See U.S. v. Inadi, 748F.2d 812 (1984) (3rd Cir.) Moreover, unless the Prosecution has made a good-faith effort to obtain the presence of an absent witness at the trial, such witness is not "unavailable" for purposes of the exception to an accuseds' Constitutional right of confrontation where the witness is unavailable and has given testimony at previous judicial proceedings against the same accused which was subject to cross-examination by that accused. See Barber v. Page, 390 U.S. 719, 20 L.Ed 255, 88 S.Ct.

1318.

In the instant case (On the day of trial), the Prosecutor claims Detective williams telephoned her to inform her that he would not be able to appear in Court to testify, as a result of his alleged injury. The Petitioner contends some other means could have availed besides allowing Detective Williams' partner to read off his testimony from a prior proceeding. The Government claims in its response Brief that "subsequent to the commencement of the Petitioner's trial, Detective williams was injured on-the-job and hospitalized in New York", however, it was prior to the commencement of the Petitioner's trial the Government ascertained that Detective Williams was allegedly injured namely, the Government had ample time to come up with some other route besides allowing Detective williams' partner to testify in his stead, e.g. post-ponement of trial, Officer testifying via satelite, etc., the Prosecution made no efforts to avail themselves of either of the above means. The right of confrontation may not be dispensed with so lighty. See Barbers v. Page. The right of confrontation is basically a trial right, it induces both the opportunity to cross-examine and the occassion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case

---

1. In the case of Barber v. Page, the Petitioner declined to cross-examine witness at preliminary hearing, however, the Supreme Court expressed in its ruling it would still have reached the same decision even if the witness would have been effectively cross-examined.

-2-

than a trial simply because its function is the more limited one of determining better probable cause exists to hold the accused for trial. See Barber v. Page. Furthermore, the Government's claim that "Detective Williams testimony was propounded only to show why Detective Williams radioed to fellow Officers to stop and search Defendant. However, this is contrary to the fact that during closing arguments the Government stated on several occasions; "that the testimony of[Detective Williams and Detective Santana] exclusive of all other testimony presented at trial establishes that the Petitioner was involved in the alleged conspiracy" the Government further emphacizes in its response brief that Detective williams' testimony was not relevant to establish an element of the crimes charged, however, this [the Government's claim] again, is contrary to the fact that on numerous occasions during closing arguments the Government stated: "that testimony of both Detectives is proof the Petitioner participated in the alleged conspiracy charged."

Additionally, the Government claims the Petitioner's counsel waived a reading into the trial evidence the cross and re-direct examination of Detective williams perverse to the Government's claim, the Petitioner's counsel never waived reading into the trial evidence the cross and re-direct examination of Detective williams. The record is barren of this claim. Moreover, the fact that Petitioner did object to this alternative means used by the Government, further confutes the Government's claim.

Accordingly, since counsel's failure to raise pretentious issue on appeal fell below an reasonable objective standard, thus depriving Petitioner of his 6th Amendment Right, in addition, counsel's deficient performance prejudiced the Defendant resulting in an

-3-

unrelaible and fundamentally unfair outcome. Further, the Petitioner contends that he has satisfied both prongs of the <u>Strickland</u> test. Therefore, the Petitioner respectfully requests that his Section 2255 Motionnbe granted.

## CONCLUSION

For these reasons set forth, a hearing should be held and/or the Petitioner's Section 2255 Motion should be granted.

Respectfully Submitted,

*T. Parker*

Travis Thurston Parker #10864-067
Pro Se

FCI Schuylkill
P.O. Box 759
Minersville, PA 17954

Travis T. Parker   10864-067
CI Schuylkill
O. Box 759
inersville, PA *17954-0759*

TO Mary E. D'Andrea, Clerk of the COurt
   U.S. COurthouse
   228 Walnut Street
   P.O. Box 983
   Harrisburg, PA   17108

LEGAL MAIL