IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,        :
          Plaintiff
                                 :

          vs.                    :  CRIMINAL NO.  1:CR-01-248-01
                                    CIVIL NO.  1:CV-05-1185
                                 :
TRAVIS THURSTON PARKER,
          Defendant              :


                    *M E M O R A N D U M*

I.    *Introduction*.

          Defendant, Travis Thurston Parker, has filed a pro se

motion under 28 U.S.C. § 2255 challenging his convictions for

distributing crack cocaine and conspiracy to distribute crack

cocaine.  The motion presents one ground for relief - that his

counsel was ineffective in not arguing on appeal that Defendant's

Sixth Amendment right to confront the witnesses against him was

violated when the transcript of a police officer's testimony from

a pretrial suppression hearing was read at trial.  Defendant's

reply brief elaborates on this claim by contending that counsel

should have argued against use of the transcript on the basis that

the government had failed to prove that the officer was

unavailable.


II.   *Procedural Background*.

          On July 3, 2001, Defendant and Daryl Parker were

arrested after an investigatory stop in New York City.  A search

of Defendant revealed he was carrying crack and powder cocaine.
In August 2001, Defendant and Daryl Parker, Michael Anthony Parker
and Thaddeus Nathaniel Westry were indicted for conspiring to
manufacture and distribute cocaine and crack cocaine and for
manufacturing and distributing cocaine and crack cocaine.  On
December 5, 2001, a hearing was held on a motion to suppress the
drugs found on Defendant during the July 3 stop.  By memorandum
and order of December 21, 2001, we denied the motion.

        In the meantime, on December 19, 2001, Defendant and his
three co-defendants were named in a five-count superseding
indictment.  Defendant was charged in count I under 21 U.S.C. §
846 with conspiracy to manufacture and distribute fifty grams and
more of crack cocaine and five kilograms and more of cocaine.  He
was charged in count II under 21 U.S.C. § 841(a)(1) with the
manufacture and distribution of fifty and more grams of crack
cocaine and five and more kilograms of cocaine.  Both counts also
charged him with aiding and abetting and set the time frame for
the offenses as running from 1996 through July 3, 2001.

        In August 2002, Defendant and Daryl Parker went to
trial.  A jury found the defendants guilty on both counts.  In May
2003, we sentenced Defendant to 324 months' incarceration.
Defendant took a direct appeal.  The convictions were affirmed,
but on March 31, 2005, the Third Circuit remanded for resentencing
under *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005).  *See United States v. Parker*, 142 Fed. Appx.

19 (3d Cir. 2005)(nonprecedential).  In April 2005, we resentenced
Defendant to 180 months' imprisonment.  Defendant then filed this
2255 motion.

III.  *Discussion*.

Defendant argues that his lawyer was ineffective in not
arguing on appeal that his right to confront the witnesses against
him was violated when the pretrial-suppression-hearing testimony
of Earl Williams, a New York City police office, was read to the
jury.  The testimony had been given under oath, Defendant was
represented by counsel, and Defendant had the opportunity to
cross-examine, which he in fact did.  (Doc. 65, suppression-
hearing transcript.)  The testimony was admitted after the
prosecutor represented on the first day of trial, Monday, August
19, 2002, that Williams had been "injured on the job Saturday
night" and "would not [be] available to testify here today."
(Doc. 189, trial transcript, p. 5.)  Th government and counsel for
co-defendant, Daryl Parker, stipulated that the testimony could be
admitted, but Defendant's counsel objected.  (*Id*.).  Only the
direct testimony from the suppression hearing was read, (doc. 189,
pp. 6-15), after both defense counsel stated that their cross-
examination need not be placed in the record.  (*Id.*, p. 15.)

The Sixth Amendment guarantees the right of a criminal
defendant to confront the witnesses against him.  U.S. Const.
amend. VI.  However, the right is not absolute, and testimonial

3

statements of an absent witness can be introduced at trial if: (1) he is unavailable; and (2) the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 54, 124 S.Ct. 1354, 1366, 158 L.Ed.2d 177, 194 (2004).

Defendant argues that Williams was not unavailable because there was no proof of his injury or its nature, just a phone call to the prosecutor that he was "supposedly injured and could not appear . . . ." (Doc. 301, Reply Br. at p. 1). Further, the government made no good-faith effort to have him appear, and in the absence of such effort on the government's part, Defendant maintains the Confrontation Clause is violated. Moreover, he argues, other alternatives to reading the testimony should have been considered, such as postponement of the trial, the presentation of Williams's testimony "via satellite," or severance of the trial from the co-defendant who had agreed to the reading of the testimony. (Doc. 285, Mem. in Supp. of 2255 motion, p. 4.)

In *United States v. Faison*, 679 F.2d 292 (3d Cir. 1982), the Third Circuit held that when a witness is claimed to be unavailable due to illness, under Fed. R. Evid. 804(a), dealing with the admissibility of hearsay, the district court "must consider all relevant circumstances," including the following:

> the importance of the absent witness for the case; the nature and extent of cross-examination in the earlier testimony; the nature of the illness; the expected time of recovery; the reliability of the evidence of the probable duration of the illness; and any

4

> special circumstances counselling against
> delay.

*Id.* at 297.  Later, in *United States v. Inadi*, 748 F.2d 812 (3d

Cir. 1985), *rev'd on other grounds*, 475 U.S. 387, 106 S.Ct. 1121,

89 L.Ed.2d 390 (1986), the Third Circuit ruled that the

requirements of Rule 804(a) together with *Barber v. Page*, 390 U.S.

719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), which holds that the

government must make a good-faith effort to secure the presence of

a witness at trial, "establish the *minimal* showing of

unavailability that will satisfy the Confrontation Clause."  748

F.2d at 819.  Other courts use the *Faison* factors in their

Confrontation Clause analysis when the government claims a witness

was unavailable due to illness.  *See United States v. Jacobs*, 97

F.3d 275, 282 (8th Cir. 1996); *Ecker v. Scott*, 69 F.3d 69, 72 n.3

(5th Cir. 1995).  *See also Burns v. Clusen*, 798 F.2d 931, 937 (7th

Cir. 1986)("where the State argues that a witness is unavailable

because of mental illness, the judge must consider both the

duration and the severity of the illness, citing *United States v.

Amaya*, 533 F.2d 188, 191 (5th Cir. 1976)).

In the instant proceedings, Defendant's claim is that

his lawyer was ineffective in not arguing on appeal that his right

of confrontation was violated when Williams's suppression-hearing

testimony was read to the jury.  This claim of ineffectiveness on

appeal is governed by *Strickland v. Washington,* 466 U.S. 668, 104

S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  *See United States v. Cross*,

308 F.3d 308, 315 (3d Cir. 2002)(a defendant has the right to

effective assistance of counsel on a direct appeal, and *Strickland* governs claims of ineffective assistance of counsel on appeal).

*Strickland* holds that an ineffectiveness claim requires the defendant to show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.  466 U.S. at 687-88, 692, 104 S. Ct. at 2064, 80 L.Ed.2d at 693, 696.  Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  466 U.S. at 694, 104 S. Ct. at 2068, 80 L.Ed.2d at 698.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*

To satisfy *Strickland*'s prejudice prong in the context of claimed ineffectiveness on appeal, a defendant "must show that there is 'a reasonable probability'–'a probability sufficient to undermine confidence in the outcome,' but less than a preponderance of the evidence--that his appeal would have prevailed had counsel's performance satisfied constitutional requirements."  *Cross, supra*, 308 F.3d at 315 (quoting *Strickland*).

In the instant case, neither the nature nor the severity of the illness appear in the record nor did we make any finding that Detective Williams's illness made him unavailable.  As noted, co-defendant Daryl Parker stipulated to the reading of the testimony, and while Defendant's counsel did object, he gave no

reasons why admitting Williams's suppression-hearing testimony
violated the Confrontation Clause.  Thus, normally we would have
to hold a hearing on *Strickland*'s first prong to determine if
counsel's performance fell below an objective level of
reasonableness, since counsel's failure to pursue the
Confrontation Clause claim on appeal might have been perfectly
reasonable on grounds that do not appear in the record.  However,
we need not examine the first prong if Defendant cannot satisfy
the second one, *Cross, supra*, 308 F.3d at 315, and we are
satisfied on this record that Defendant cannot show prejudice from
counsel's failure to raise this claim on appeal.

When evidence has been admitted in violation of the
Confrontation Clause, courts examine the remaining evidence.[1] *See*
*United States v. Hinton,* 423 F.3d 355, 362-63 (3d Cir. 2005)(on
harmless-error review on direct appeal, since there was other, and
stronger, evidence in the record supporting the drug-trafficking
conviction, improper introduction of absent witness's statements
did not require vacatur of conviction); *Fischetti v. Johnson*, 384
F.3d 140, 156 (3d Cir. 2004)(on habeas review employing the
*Strickland* standard, erroneous admission of absent witness's
testimony on one burglary did not affect validity of conviction on
a separate burglary, and the petitioner thereby failed to

---

[1]  Of course, we make no finding here that the evidence
was admitted in violation of the Confrontation Clause.  We use
the following analysis only for the purpose of examining the
prejudice prong of the *Strickland* framework.

establish prejudice from the Confrontation Clause violation);
*Jacobs, supra*, 97 F.3d 275, 283-84 (on harmless-error review,
conviction affirmed in light of other evidence establishing guilt,
including a confession).  Courts may also examine "a host of
factors," including "the importance of the witness' testimony in
the prosecution's case, whether the testimony was cumulative, the
presence o[r] absence of evidence corroborating or contradicting
the testimony of the witness on material points, the extent of
cross-examination otherwise permitted, and, of course, the overall
strength of the prosecution's case."  *Burns, supra*, 798 F.2d 931,
943 (on harmless-error review in a habeas proceeding, erroneous
admission of preliminary-hearing testimony did not require vacatur
of conviction when there was other independent, or overwhelming,
proof of guilt, rendering the erroneously admitted evidence
cumulative).

        In the instant case, as the government argues, there was
no prejudice from the admission of Detective Williams's
suppression-hearing testimony, based on the nature of that
testimony and other evidence in the record.  As his testimony from
the suppression hearing shows, Williams, working undercover, did
not participate in the apprehension and search of Defendant that
led to the discovery of crack and powder cocaine on his person.
Williams testified only to the reasonable suspicion he had on July
3, 2001, that Defendant was carrying a gun in his waistband.
Williams radioed his suspicions to his field team.  In fact,

Williams's direct testimony ends with a specific denial that he "participate[d] in the subsequent stop of the vehicle . . ." (Doc. 189, trial transcript at p. 15).

It was the members of the field team who stopped the vehicle and searched Defendant.  Jay Santana, a member of that team, testified to this at trial and that he had searched Defendant and found the drugs.  In addition to Santana, other witnesses testified at trial about Defendant's drug dealing and his conduct relevant to a conspiracy with Daryl Parker.  Thus, leaving aside whether counsel's performance was deficient, Defendant was not prejudiced by the admission of Williams's testimony.  There was no reasonable probability that he would have prevailed on appeal with the claim for the simple reason that the testimony was not important to the government's case, bearing only on an issue resolved pretrial, the validity of the stop, and not on the elements of the crimes.  Any evidence bearing directly on guilt or innocence was introduced by way of witnesses who did appear at the trial.

In arguing prejudice, Defendant focuses on the prosecutor's closing argument and her rebuttal at closing.  He maintains that the prosecutor emphasized Williams's and Santana's testimony in arguing for his guilt, that she repeatedly came back to the events of July 3, and their testimony concerning July 3, as enough proof of the conspiracy charge alone.  We disagree.  As we read the prosecutor's closing arguments (doc. 256, closing

argument; doc. 257, rebuttal on closing), while she did mention
Williams's testimony, (doc. 256 at p. 6), along with Santana's,
she also relied on the testimony of other witnesses to prove her
case.   While it is true that she repeatedly mentioned the events
of July 3 as proof enough of the conspiracy, (doc. 256, pp. 11,
12, 25, 26-27; doc. 257, pp. 2-3, 12-13), she never based this
argument specifically on Williams's testimony, and in fact it was
Santana's testimony that would have established these events.   The
prosecutor basically used Williams's testimony as providing
context for the stop and search.   (Doc. 256, pp. 6-8).   We
therefore reject Defendant prejudice argument.[2]

IV.   *Conclusion*.

          Having considered all of the claims, we will issue an
order denying the 2255 motion.   The order will also deny a
certificate of appealability, based on the analysis in this
memorandum.   However, Defendant is advised that he has the right
for sixty (60) days to appeal our order denying his 2255 motion,
*see* 28 U.S.C. § 2253(a), and that our denial of a certificate of
appealability does not prevent him from doing so, as long as he

---

          [2]   Defendant has also made a passing claim that the
prosecutor improperly vouched for Williams's testimony by
stating in her closing that "the tenor of that testimony,
Detective Williams' testimony, was apparent through the reading
of that transcript."   (Doc. 256, p. 6).   This was not vouching
because the comment was not based on matters outside the
record.   *See Choi Chun Lam v. Kelchner*, 304 F.3d 256, 271 (3d
Cir. 2002).

also seeks a certificate of appealability from the court of appeals.   *See* Federal Rule of Appellate Procedure 22.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 31, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,          :
      Plaintiff

                        :

        vs.                     :   CRIMINAL NO.  1:CR-01-248-01
                         CIVIL NO.  1:CV-05-1185
                        :
TRAVIS THURSTON PARKER,
      Defendant               :


*O R D E R*


      AND NOW, this 31st day of October, 2005, it is ordered
that:

        1.  The motion (doc. 285) under 28 U.S.C. §
2255 is denied.

        2.  A certificate of appealability is
denied.


                        /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge