IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

TRAVIS THURSTON PARKER )
      PETITIONER )
)
vs. )  criminal no. 1:CR-01-248-01
)
UNITED STATES OF AMERICA )
      RESPONDENT )

**MEMORANDUM IN SUPPORT OF MOTION
FOR CERTIFICATE OF APPEALIBILITY UNDER
28 U.S.C. §2253 (c)(B), (c) (2)**

On July 14, 2005 Petitioner Travis Thurston Parker filed a Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 to the United States District COurt (Middle District of Pennsylvania).

On October 31, 2005, the District Court (Middle District of Pennsylvania) denied Defendant's §2255 Motion therewithal, the District Court denied a Certificate of Appealibility. Defendant now files this Motion [2253 (c)(1) (B)] to the Court of Appeals (Pro Se) seeking issuance of Certificate of Appealibility.

                                                            _/s/ Travis Parker_
                                                            Travis Thurston Parker
                                                            Appellant

## CERTIFICATE OF APPEALIBILITY

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPE), amended the procedure by which federal Petitioner's may appeal a denial of habeas petitions by the District Court, under the AEDPE, a Petitioner must obtain a Certificate of Appealibility before he can appeal the denial of a §2255 Motion, in the case at hand the District Court rejected Certificate of Appealibility therefore, the Defendant now respectfully seeks a Certificate of Appealibility from the Circuit Court pursuant to the Federal Rules of Appellate Procedure Rule 22 (B) (2).

## BACKGROUND

On August 2001, Defendant and Daryl Parker, Michael Anthony Parker and Thaddeus Nathaniel Westry were indicted for conspiring to manufacture and distribute cocaine and crack cocaine and for manufacturing and distributing crack cocaine. On December 5, 2001, a Suppression Hearing was held on a motion filed by the Defendant. By Memorandum and Order of December 21, 2001, the motion was denied.

On December 19, 2001, Defendant and his three co-defendants were named in a five-count superceding indictment. Defendant was charged in count I under 21 U.S.C. §846 with conspiracy to manufacture and distribute fifty grams and more of crack cocaine and five kilograms and more of cocaine. He was charged in count II under 21 U.S.C. § 841 (a) (1) with the manufacture and distribution of fifty and more grams of crack cocaine and five and more kilograms of cocaine. Both counts also charged him with aiding and abetting and set the time frame for the offenses as running from 1996 through July 3, 2001.

In August 2002, Defendant and Daryl Parker went to trial. A jury found the defendants guilty on both counts. In May 2003, we the Defendant was sentenced to 324 month' incarceration. Defendant took a direct appeal. The convictions were affirmed, but on March 31, 2005, the Third Circuit remanded for sentencing under United States v. Booker, ---U.S. ---, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Parker, 142 Fed.Appx.19 (3rd Cir. 2005) (non-precedential). In May 2005, the Defendant was resentenced to 180 months' imprisonment. In July 2005 the Defendant then filed a §2255 Motion.

On October 31, 2005, the District Court (Middle District of PA) denied Defendants' 2255 Motion therewithal, the District Court denied a Certificate of Appealibility. Defendant now files this Motion to the Court of Appeals seeking Certificate of Appealibility.

## I.

## Discussion

The Defendant claims the District Court erred in denying his 2255 Motion for reasons that follow:

In United states v. Faison, 679 F.2d 292 (3rd Cir. 1982), the Third Circuit held that when a witness is claimed to be unavailable due to illness, under Fed. Rules of Evidence 804 (a), dealing with the admissibility of hearsay, the district court "must consider all relevant circumstances," including the following: therimportance of the absent witness for the case; the nature and extent of cross-examination in earlier testimony; the nature of the illness; the expected time of recovery; the realiability of the evidence of the probable duration of the illness; and any special circumstances counselling against delay. Id at 297. In the instant case, the District Court in [its] order admits "neither the nature nor the severity of the illness appear in the record nor did we make any finding that detective Williams' illness made him unavailable" in addition, the record is also barren of any evidence that the district court made any attempt to compel detective Williams' attendance. See Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968),

which holds that the government must make a good-faith effort to secure the presence of a witness at trial. The District Court then relied on U.S. v. Hinton, 423 F.3d 355, 362-63 (3rd Cir. 2005) Fischetti v. Johnson, 384 F.3d 140, 156 (3rd Cir. 2004), U.S. v. Jacobs, supra, 97 F.3d 275, 283-84, U.S. v. Burns, supra, 798 F.2d 931, 943, all cases which hold erroneous admission of testimony should be deemed harmless considering there is other, and stronger evidence in the record supporting an conviction in the instant case, the district court held there was no prejudice by admitting detective Williams' testimony based on the nature of the testimony and other evidence in the record which would support his conviction independent of erroneous admitted evidence. For these reasons the district court rejected defendants 2255 motion. The Defendant respectfully insists that the District Court errored in denying the defendants 2255 motion for those reasons granted, even if other evidence besides detective Williams' testimony could have still resulted in a conviction this still doesn't negate the fact, that the Prosecutor during closing arguments and rebuttal of closing arguments stated on numerouis occassions that the jury could conclude that the defendant was guilty of the crimes charged by detective Williams' and his partners' testimony alone independant of any other evidence presented at trial, further, the defendant asserts the Prosecution made it virtually impossible for the jury to focus on any other evidence considering the overwhelming amount of emphasis it [the Prosecution] put on this testimony exclusively. In addition to what has been said whose- to - say if any of the jurors - impressed by the Prosecutor's statements - did in fact find the defendant guilty of the crimes charged on this testimony alone [the testimony of detective Willianms'

-5-

and detective Santana] furthermore, obviously, the etstimony of detective Williams and Santana was the strongest evidence presented at trial considering the Prosecution never stated any other evidence which was presented at trial exclusive of all other testimony at trial establishes the defendants guilt the prosecutions focal point was the testimony [the testimony of detective Williams and Santana] moreover, the District Court and the Prosecution clearly make little of detective Williams' testimony after-the-fact but if[this] testimony was so minute why was it presented to a jury in the first place and why did the prosecution emphatically mention this testimony during closing arguments and rebuttal of closing arguments. Obviously, it is because detective Williams' testimony was half of a whole used to mmake out a conspiracy against the defendant (by the Prosecutor's own admission). In addition, this testimony was the most weighty of all testimony presented at trial, therefore, the defendant maintains the District Court errored in concluding the erroneous admission of this evidence was harmless and did not prejudice the defendant considering all other evidence presented at trial which would establish his guilt, therefore the Defendant shoulkd have prevailed on his 2255 Motion.

## CONCLUSIOIN

Based on the analysis in this Memorandum, the Petitioner respectfully asserts that this Honorable Court should issue a Certificate of Appealibility pursuant to 28 U.S.C. §2253 (c)(1)(b).

Respectfully Submitted, *T. Parker*
Travis Thurston Parker, Petitioner

-6-